**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SONA CHILIYAN;
YURIK HARUTYUNYAN,

           Petitioners,

  v.

ERIC H. HOLDER Jr., Attorney General,

           Respondent.

No. 05-74750

Agency Nos. A096-050-173
              A096-050-197

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Sona Chiliyan, and her son Yurik Harutyunyan, natives and citizens of

Armenia, petition for review of the Board of Immigration Appeals ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

JK/Research

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).

Because the record is unclear as to why Chiliyan was targeted by various groups, substantial evidence supports the BIA's conclusion that, even if credible, petitioners failed to show that they were or would be persecuted in Armenia on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Accordingly, their withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief, because petitioners failed to show it is more likely than not they would be tortured if they return to Armenia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

The record is inadequate to grant relief on the petition for review. The proper procedure for a claim of ineffective assistance of counsel is to file a motion to reopen before the BIA so that the record may be augmented.

**PETITION FOR REVIEW DENIED.**